I agree with the majority's determination appellee's cause of action accrued on the date of the tortious conduct, and the cut-off date for computing prejudgment interest is the date the judgments were entered.
I disagree with the majority's determination R.C. 1343.03(C) requires the trial court to assess prejudgment interest on the entire amount of the judgment to the appellant insurance company.
First of all, the trial court noted, the individual tortfeasors and the insurance company are the parties required to pay the judgment, but the relationship between the parties has not been defined by the court. The court did find none of the defendants had made a good faith effort to settle the case, but the individual defendant's failure was caused by the insurance company's actions. The court found the insurance company had refused to settle the action for no legitimate reason and had prejudiced its insureds in doing so.
The majority's judgment appears to treat the insurance company and the two individuals as having joint and several liability.
Finally, the trial court's found the defendants failed to make a good-faith effort to settle the claim.
As we noted in Fairchild II, the tortfeasors may have a claim against the insurance company for "bad faith". I believe there is a distinction to be drawn between finding the insurance company has failed to act in good faith with regard to settling with appellee and finding the insurance company acted in bad faith with regard to its insureds. The majority presumes the insurance company acted in bad faith, but I believe that issue has yet to be litigated.
Guernsey County, Case No. 96-33
I believe the insurance company may only be assessed pre-and post-judgment interest on the amount of money it is required to pay on the judgment namely, on the policy limits minus the amounts it has already paid. Any further amount it may be liable for will be determined in a separate action by its insureds for the damages the insurance company has caused them by virtue of its handling of this claim, see Fairchild, II at 14.
 ____________________________________ JUDGE W. SCOTT GWIN
 JUDGMENT ENTRY
CASE NO. 97 CA 33
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Guernsey County, Ohio is affirmed in part and reversed in part. Pursuant to App.R. 12 (B), this court enters the following judgment:
 1) Appellant and tortfeasors are obligated to pay prejudgment interest on $600,000 from July 27, 1990 to January 27, 1995 at a rate of 10% per annum.
 2) Appellant and tortfeasors are obligated to pay postjudgment interest on the prejudgment interest from January 28, 1995 until paid at a rate of 10% per annum.
 3) Tortfeasors are obligated to pay postjudgment interest on the unpaid balance of the $600,000 judgment from January 28, 1995 until paid at a rate of 10% per annum.